COZY P. CAMPBELL, by CLAYTON CAMPBELL, Her Attorney-In-Fact, Plaintiff-Appellee, *v.* HIPAWAI CORPORATION, a Hawaii corporation, Defendant-Appellant, and LEON L. M. CHUN, Defendant

NO. 7709

(CIVIL NO. 52387)

FEBRUARY 4, 1982

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* This is a dispute between two landowners over the location of the common boundary between their properties. The property in question is located in Manoa Valley, Oahu, and is designated by the exhibits in evidence as parcel 15, TMK 2-29-23-15. It consists of 2,016 square feet and is bordered on the west by parcel 14, owned by defendant-appellant, and on the east by parcel 4, owned by plaintiff-appellee. Appellee claimed paper title to the property by virtue of Royal Patent No. 1273, issued in 1853 to Kaaukai by King Kamehameha III. Appellant claimed title to the same parcel by mesne conveyances and by adverse possession, established by its predecessors in interest. After a trial by jury, the court below entered a judgment quieting title in appellee. Appellant appeals contending that the jury was erroneously instructed on the period of limitations applicable to its claim of adverse possession. We agree and accordingly, reverse.

In the trial below, there was evidence adduced from which the jury may have found that appellant had acquired title to parcel 15 by adverse possession.

James Woolsey, one of appellant's predecessors in interest, stated that as far back as 1918, parcel 15 was being cultivated as part of parcel 14 by Rose Hao and her husband Makahi. In 1942, Woolsey's mother, Annie Harris, conveyed parcels 14 and 15 to Hattie Smith (the adopted daughter of Rose and Makahi) by an unrecorded agreement of sale. Woolsey stated that up until Hattie's death in 1957, Hattie and her husband, John Smith, continued to farm and cultivate parcel 15. In 1949, Woolsey succeeded to his mother's estate. In 1957, Woolsey and Smith conveyed their respective interests in the property to Leon Chun.

John Smith testified that he married Hattie in 1913 and had resided on the property in question between the years 1910 through 1913 and 1929 through 1959. Smith stated that as far as he could remember, parcel 15 had always been cultivated as part of parcel 14. Smith also stated that when appellee's predecessor in interest, Alice Campbell, first began to reside on parcel 4 in 1936, she never questioned their use and cultivation of parcel 15.

Leon Chun, appellant's grantor, testified that he acquired parcels 14 and 15 by deed on October 23, 1957. Chun stated that in 1958, he moved a second house onto the property and placed it immediately adjacent to the boundary between parcels 14 and 15. Chun then visited Alice Campbell to discuss the multiple tax claimant problem which existed with respect to parcel 15 but apparently nothing was resolved. Shortly thereafter, Chun discovered that a chain link fence had been erected between parcels 14 and 15. He immediately tore it down. In 1967, appellee inherited parcel 4 and began to reside there. Chun stated he approached her to discuss the multiple tax claimant problem which still existed. Appellee referred Chun to her lawyers but again, nothing was resolved. On January 1, 1968, Chun conveyed the property to appellant. Sometime in 1977, Chun discovered that appellee was clearing parcel 15 of underbrush and that the chain link fence had been restored. He again tore the fence down. Appellee filed her complaint on August 23, 1977.

Appellant contends that the trial court erred in instructing the jury that the applicable period of limitations governing its claim of adverse possession is twenty years. We agree.

Plaintiff's Instruction No. 2, given over appellant's objections, is as follows:

If the jury finds from the evidence that the plaintiff obtained

legal title to the whole of the lands described in the complaint and her right to possession thereof, then the burden is on the defendant to show title by adverse possession to said property for a period of not less than 20 years before the commencement of the suit by clear and positive evidence.

Plaintiff's Instruction No. 11 states that:

Adverse possession requires five elements. It must be hostile or adverse; (2) actual; (3) visible, notorious and exclusive; (4) continuous; and (5) under claim of ownership. The party who claims adverse possession has the burden of proving that the foregoing elements have existed for the statutory period of not less than 20 years. In addition, he must prove, by clear and positive evidence the location of the boundaries he claims. Such boundaries must be established at the inception, during the continuance, and at the completion of the period of adverse possession.

If the jury finds that the defendant or any of its predecessors in interest did comply with and satisfy the five elements required in adverse possession as stated above, over a continuous period of 20 years, then you must find for the defendant.

The above instructions were based on the period of limitations governing claim of adverse possession set forth under the provisions of HRS §§ 657-31[1] and 669-1.[2] These statutes amended pre-existing law by increasing the period of limitations from ten years to twenty. *See,* Steadman, THE STATUTORY ELEMENTS OF HAWAII'S

---

[1] HRS § 657-31 states that:

No person shall commence an action to recover possession of any lands, or make any entry thereon, unless within twenty years after the right to bring the action first accrued.

[2] HRS § 669-1 states that:

(a) Action may be brought by any person against another person who claims, or who may claim adversely to the plaintiff, an estate or interest in real property, for the purpose of determining the adverse claim.

(b) Action for the purpose of establishing title to real property may be brought by any person who has been in adverse possession of the real property for not less than twenty years.

(c) Action under subsection (a) or (b) shall be brought in the circuit court of the circuit in which the property is situated.

ADVERSE POSSESSION LAW, 14 HBJ, No. 2, Summer 1978. The amendments became effective on May 4, 1973, by Act 26, S.B. 660. However, Section 6 of the Act states:

> This Act shall take effect upon its approval and shall govern any case or controversy which shall arise after the effective date of this Act; provided, however, that this Act does not affect rights and duties that matured, penalties that were incurred, and proceedings that were begun, before its effective date.

This savings clause was prompted by the legislature's concern over protecting vested rights. The bill was specifically amended to insure that "this Act will be prospective in nature and will not affect those rights and duties existing under present law." H. Stand. Comm. Rep. No. 878 on S.B. 660, 1973 H. Jour. 1163-1164.

At oral argument, appellee argued that even if the instructions were erroneous, there was no evidence to support the claim of a matured 10-year period of adverse possession prior to the amendment of the statute.

We cannot agree. The testimony of Woolsey, Smith and Chun, summarized above, was sufficient to create a jury question on the issue. Thus, an instruction based on the 10-year period of limitations should have been given. It should have included appropriate language to the effect that once title by adverse possession had vested, continued possession was not required. Had the jury been properly instructed, they may have found that appellant had established title by adverse possession.

The function served by jury instructions is to inform the jury of the law applicable to the current case. *Tittle v. Hurlbutt*, 53 Haw. 526, 497 P.2d 1354 (1972). It is reversible error for the trial judge to fail to instruct the jury on the proper rule of law to be applied in a particular case. *City & County of Honolulu v. Bonded Inv. Co., Ltd.*, 54 Haw. 385, 507 P.2d 1084 (1973).

Appellant's other specifications of error are without merit.

We hold that the trial court erred in failing to instruct the jury that a ten-year period of limitations was applicable to appellant's claim where it was warranted by the evidence.

Reversed and remanded.

*Leon L. M. Chun* for appellant.

*Matthew T. Ihara (Gallup, Mah, Van Pernis & Ihara* of counsel) for appellee.